**WO**                                                                                          JKM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Jaime Aldos Leonardo, Jr., | ) | No. CV 07-0545-PHX-SMM (ECV) |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Phillip Crawford, | ) | |
| Respondent. | ) | |

Petitioner Jaime Aldos Leonardo, Jr. (A40-464-700), who is confined in the Eloy Detention Center in Eloy, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The $5.00 filing fee has been paid. The Court will require Respondent to answer the Petition.

**I.    Petition**

On April 16, 2006, an immigration judge entered an order for Petitioner's removal from the United States to the Philippines. On August 29, 2006, the Board of Immigration Appeals (BIA) dismissed Petitioner's appeal. Petitioner's petition for review from the decision of the BIA is currently pending before the United States Court of Appeals for the Ninth Circuit. See Leonardo v. Gonzales, No. 06-74750 (9th Cir. pet. for review filed Oct. 3, 2006). The Ninth Circuit has granted Petitioner an automatic temporary stay of removal

**TERMPSREF**

1  under Ninth Circuit General Order 6.4(c)(1). Id. Petitioner argues that his lengthy detention
2  while his removal proceedings have been pending is unlawful.

3  The REAL ID Act of 2005 does not deprive the Court of jurisdiction because the Act
4  was "not intended to 'preclude habeas review over challenges to detention that are
5  independent of challenges to removal orders.'" Hernandez v. Gonzales, 424 F.3d 42, 42-43
6  (1st Cir. 2005) (quoting H.R. Cong. Rep. No. 109-72, at 2873 (2005)); See also Nadarajah
7  v. Gonzales, 443 F.3d 1069, 1075 (9th Cir. 2006) ("By its terms, the jurisdiction-stripping
8  provision [of the REAL ID Act] does not apply to federal habeas corpus petitions that do not
9  involve final orders of removal."). An answer will therefore be required.

10 **II.      Request for Preliminary Injunction and Temporary Restraining Order**

11 In his memorandum in support of his Petitioner, Petitioner requests a preliminary
12 injunction and temporary restraining order under Rule 65 of the Federal Rules of Civil
13 Procedure. Although Petitioner does not specify any particular relief, he apparently seeks
14 an order for his immediate release from custody. The Court finds, however, that Petitioner
15 has failed to demonstrate "from specific facts shown by affidavit or by the verified
16 complaint" that he will suffer immediate and irreparable injury before Respondent can be
17 heard. FED. R. CIV. P. 65(b)(1). Additionally, upon the record currently before the Court,
18 it is not plain that the merits of Petitioner's claims are so strong as to warrant either expedited
19 adjudication or immediate relief from his current detention. See In re Roe, 257 F.3d 1077,
20 1081 (9th Cir. 2001) (declining to resolve issue of whether a district court has the authority
21 to release a prisoner pending resolution of a habeas case, but holding that if such authority
22 does exist, it can only be exercised in an "extraordinary case involving special
23 circumstances"). Accordingly, Petitioner's request for a preliminary injunction and
24 temporary restraining order will be denied.

25 **III.     Warnings**

26 **A.      Address Changes**

27 Petitioner must file and serve a notice of a change of address in accordance with Rule
28 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other

relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B.    Copies

Petitioner must serve Respondent, or counsel if an appearance has been entered, a copy of every document that he files. FED. R. CIV. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. FED. R. CIV. P. 5(d). Petitioner also must submit an additional copy of every filing for use by the Court. LRCIV 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

### C.    Possible dismissal

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Petitioner's request for a preliminary injunction and temporary restraining order is **denied**.

(2) The Clerk of Court must serve a copy of the Summons, Petition and this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure. The Clerk of Court also must send by certified mail a copy of the Summons, Petition and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondent pursuant to Rule 4(i)(2)(A).

(3) Respondent must answer the Petition within twenty (20) days of the date of service. Respondent must not file a dispositive motion in place of an answer without first showing cause as to why an answer is inadequate.

(4) Petitioner may file a reply within twenty (20) days from the date of service of the answer.

TERMPSREF

- 3 -

1    (5) The matter is referred to Magistrate Judge Edward C. Voss pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 30th day of April, 2007.

_____
Stephen M. McNamee
United States District Judge