**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jaime Aldos Leonardo, Jr., | ) No. CIV 07-545-PHX-SMM |
| Petitioner, | ) **MEMORANDUM OF DECISION AND** |
| vs. | ) **ORDER** |
| | ) |
| Phillip Crawford, | ) |
| Respondent. | ) |

Pending before the Court is Petitioner's pro se Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 ("Petition").  The matter was referred to the magistrate judge for a Report and Recommendation.  On January 15, 2008, the magistrate judge filed a Report and Recommendation with this Court  (Dkt. 14).  On January 31, 2008, Petitioner lodged his proposed Objections to the Report and Recommendation (Dkt. 16), which were filed on February 22, 2008 (Dkt. 18).  After considering the Report and Recommendation and the arguments raised in Petitioner's Objections thereto, the Court now issues the following ruling.

//

//

//

//

//

1          **BACKGROUND**[1]

2          Petitioner, a native and citizen of the Philippines, is being held as a criminal alien

3  under 8 U.S.C. § 1226(c).  Petitioner was taken into custody for immigration proceedings on

4  December 13, 2005, and has remained in custody since that time.  On April 26, 2006, an

5  immigration judge ("IJ") ordered Petitioner be removed to the Philippines.  Petitioner

6  appealed to the Board of Immigration Appeals ("BIA"), and on August 29, 2006 the BIA

7  affirmed the IJ's decision and dismissed Petitioner's appeal. On October 3, 2006, Petitioner

8  filed a Petition for Review in the Ninth Circuit Court of Appeals.  The Ninth Circuit granted

9  Petitioner an automatic temporary stay of removal under Ninth Circuit General Order

10 6.4(c)(1).  The case remains pending in the Ninth Circuit as of the date of this Memorandum

11 of Decision and Order.

12         Petitioner filed the Petition in this Court on March 14, 2007.  (Dkt. 1, Pet. for Writ of

13 Habeas Corpus.)  Petitioner alleges that he has been held in custody without bond or order

14 of supervised release since the removal proceedings began on December 13, 2005.  (Id. at

15 4-5.)  Petitioner contends that his lengthy detention while his removal proceedings have been

16 pending is unlawful, and requests that the Court order him released on bond or under

17 supervision.  (Id. at 11.)

18         The magistrate judge recommends that the Petition be dismissed without prejudice

19 because Petitioner's continued detention is primarily a result of delays caused by Petitioner,

20 and therefore the detention has not been unreasonably long.  (Dkt. 14 at 6-7.)  Petitioner

21 objects to the Report and Recommendation, maintaining that his continued detention is

22 unlawful and that he is not responsible for the prolonged removal proceedings.

23 //

24 //

25

26 ─────────────────

27         [1]  A full factual and procedural history of this case is set forth in the Magistrate
   Judge's Report and Recommendation (Dkt. 14).

28                                    - 2 -

**STANDARD OF REVIEW**

When reviewing a Magistrate Judge's Report and Recommendation, this Court "must make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate."  28 U.S.C. § 636(b)(1)(C); see also Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991) (citing Britt v. Simi Valley Unified Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983)).

**DISCUSSION**

Petitioner contends that the magistrate judge erred in attributing Petitioner's continued detention to his own actions delaying the removal proceedings.  To support his position, Petitioner relies largely on Tijani v. Willis, 430 F.3d 1241 (9th Cir. 2005).  The court in Tijani interpreted § 1226(c) as requiring "expedited removal of criminal aliens," and found that detention of over two years and eight months was not "expeditious."  430 F.3d at 1242.  Although the majority opinion spanned only three paragraphs, Judge Tashima's concurring opinion provided an expansive discussion of why he believed Tijani's continued detention was not constitutionally permissible.  Id. at 1243-50 (Tashima, J., concurring).  Judge Tashima noted that Tijani's offenses had never been found to trigger mandatory detention, and as a result the "vast majority" of Tijani's detention occurred while the BIA and Ninth Circuit considered his appeals.  Id. at 1244, 1246 n.3.  Judge Tashima also noted that although Tijani requested continuances, they were early in the process and "had not contributed at all to the year-long delay since the BIA heard his appeal."  Id. at 1249.

As the magistrate judge noted, "courts must be sensitive to the possibility that dilatory tactics by the removable alien may serve not only to put off the final day of deportation, but also to compel a determination that the alien must be released because of the length of his incarceration."  Ly v. Hansen, 351 F.3d 263, 272 (6th Cir. 2003).  That awareness, and the facts of this case that distinguish it from Tijani, cause this Court to adopt the magistrate judge's Report and Recommendation.

1    A significant portion of Petitioner's detention can be directly attributed to Petitioner's

2  own delay and request for extensions of time.  The IJ granted three continuances in order for

3  Petitioner to retain counsel, resulting in a delay of approximately one month.  Removal

4  proceedings were held before the IJ on February 14, March 14, and April 26, 2006; the IJ

5  ordered Petitioner's removal on April 26, 2006.  (Dkt. 12, Ex. 7.)   Petitioner appealed

6  through counsel on May 24, 2006.  (Id., Ex. 8.)  Three months later, on August 29, 2006, the

7  BIA affirmed the IJ's decision and dismissed Petitioner's appeal.  (Id., Ex. 11.)  The BIA

8  decision was issued one month after briefing was complete.  (See id., Ex. 10 (Pet'r Br. in

9  Support of Appeal dated July 26, 2006).)

10    Petitioner then filed a Petition for Review in the Ninth Circuit.  (See Ninth Circuit

11  Docket Report, App. Dkt. No. 06-74750 ("App. Dkt.").)  On October 23, 2006, the Ninth

12  Circuit ordered Petitioner to file a declaration or notarized statement attesting to the date on

13  which his Petition for Review was deposited in the internal legal mail system of the

14  institution at which Petitioner was being held.  (App. Dkt. 6.)  Petitioner was ordered to file

15  the declaration or notarized statement within 21 days; the deadline was thus November 13,

16  2006.  (Id.)  It appears from the Ninth Circuit docket report that Petitioner filed the statement

17  on or around April 10, 2006—nearly five months after the deadline—and in no event prior

18  to March 28, 2007.  (See App. Dkt. 18, Order dated Mar. 28, 2007; see also App. Dkts. 20,

19  22.)  Petitioner's delay in filing the statement prevented the Ninth Circuit from ruling on the

20  government's motion to dismiss the petition as untimely.  (See App. Dkt. 22.)

21    The Ninth Circuit then set October 29, 2007 as the deadline for filing Petitioner's

22  opening brief.  (Id.)  Petitioner filed two motions for extension of time to file his opening

23  brief (App. Dkts. 24, 28), resulting in an additional delay of four months (App. Dkts. 26, 29).

24   Petitioner also filed a motion to reconsider denial of his request for appointment of counsel,

25  despite the Ninth Circuit's order that no such motions were to be filed or would be

26  entertained.  (App. Dkts. 22, 23.)  Petitioner's motion for appointment of counsel was denied

27

28                                                    - 4 -

1   because his appeal "does not present 'exceptional circumstances' warranting the
2   [appointment of counsel]."

3       This case is therefore unlike the situation in <u>Tijani</u>, where the "vast majority" of
4   detention occurred while the petitioner awaited a court ruling.  Also unlike <u>Tijani</u>,
5   Petitioner's five-month delay in filing the court-ordered statement, and four-month delay on
6   account of multiple extensions have contributed significantly to the delay.  Although
7   Petitioner is entitled to pursue available avenues for relief, he may not delay those
8   proceedings and simultaneously claim his detention is unreasonably long.  The Court notes
9   in this regard that Petitioner's opening brief before the Ninth Circuit was filed less than three
10  weeks before he filed the Petition before this Court.  (<u>Compare</u> App. Dkt. 30 <u>with</u> Dkt. 1.)

11      The Court does not suggest that Petitioner's delay and requests for extension can only
12  be explained as dilatory tactics.  However, the Court finds that Petitioner's role in his
13  continued detention must be considered in determining whether his detention has been
14  unreasonably long.  Having done so, the Court finds that Petitioner's detention has not been
15  unreasonably long.

16      Petitioner's remaining contentions are without merit.  Therefore, the Court hereby
17  incorporates and adopts the Magistrate Judge's Report and Recommendation.

18                                    **CONCLUSION**

19      For the reasons set forth above,

20      **IT IS HEREBY ORDERED** that the Court adopts the Report and Recommendation
21  filed in this matter (Dkt. 14).

22      **IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus
23  (Dkt. 1) is **DENIED** and this action is **DISMISSED WITHOUT PREJUDICE**.

24      DATED this 26th day of March, 2008.

25

26  _____
27              Stephen M. McNamee
                United States District Judge
28                     - 5 -