**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jaime Aldos Leonardo,<br><br>    Petitioner,<br><br>vs.<br><br>Phillip Crawford,<br><br>    Respondent. | No. CV 07-0545-PHX-SMM<br><br>**ORDER** |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1). On June 2, 2009, the United States Court of Appeals for the Ninth Circuit issued a formal mandate by which its September 10, 2008 order took effect (Dkt. 31). In its September 10, 2008 order, the Ninth Circuit vacated this Court's judgment and remanded the petition for consideration of Petitioner's claims under Prieto-Romero v. Clark, 534 F.3d 1053 (9th Cir. 2008), Casas-Castrillon v. Lockyer, 535 F.3d 942 (9th Cir. 2008), and other relevant caselaw.

**FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner, a native and citizen of the Philippines, has been held as a criminal alien under 8 U.S.C. § 1226(c). On December 13, 2005, the Government took Petitioner into custody for immigration proceedings. He has remained in custody since that time. On April 26, 2006, an immigration judge ("IJ") ordered Petitioner be removed to the Philippines. Petitioner appealed to the Board of Immigration Appeals ("BIA"). On August 29, 2006, the BIA affirmed the IJ's decision and dismissed Petitioner's appeal. On October 3, 2006,

Petitioner filed a Petition for Review in the Ninth Circuit Court of Appeals. The Ninth Circuit granted Petitioner an automatic temporary stay of removal under Ninth Circuit General Order 6.4(c)(1). The case currently remains pending in the Ninth Circuit. See Leonardo v. Holder, No. 06-74750.[1]

Petitioner filed his Petition for Writ of Habeas Corpus in this Court on March 14, 2007 (Dkt. 1). Petitioner alleges that he has been held in custody without bond or order of supervised release since the removal proceedings began on December 13, 2005 (Id. at 4-5). Petitioner contends that his lengthy detention while his removal proceedings have been pending is unlawful, and he requests that the Court order him released on bond or under supervision (Id. at 11). The Petition was referred to Magistrate Judge Edward C. Voss for a Report and Recommendation ("R & R") (Dkt. 3). Magistrate Judge Voss issued an R & R on January 11, 2008 (Dkt. 14), which the Court adopted on March 26, 2008 (Dkt. 20). On April 28, 2008, Petitioner appealed the Court's decision to the Ninth Circuit (Dkt. 22). By Order dated September 10, 2008, which took effect on June 2, 2009, the Ninth Circuit vacated this Court's judgment and remanded the petition for consideration of Petitioner's claims under Prieto-Romero v. Clark, 534 F.3d 1053 (9th Cir. 2008), Casas-Castrillon v. Lockyer, 535 F.3d 942 (9th Cir. 2008), and other relevant caselaw (Dkt. 31).

**STANDARD OF REVIEW**

Recently, the Ninth Circuit addressed whether the Government may detain a legal permanent resident of the United States for a period of years, while he seeks administrative review of his removal order, without providing an adequate opportunity to contest the necessity of his detention before a neutral decision maker. Prieto-Romero, 534 F.3d at 1056; Casas-Castrillon, 535 F.3d at 944. In Prieto-Romero, the Ninth Circuit held that although the continued civil detention was lengthy, it is authorized by statute. 534 F.3d at 1056. In Casas-Castrillon, the Ninth Circuit further held that a "prolonged detention must be

---

[1] On August 18, 2008, the Ninth Circuit appointed appellate counsel for Petitioner and established a revised briefing schedule (No. 06-74750, Dkt. 34). After the replacement opening and answering briefs were filed, Petitioner filed his reply brief on May 27, 2009.

- 2 -

accompanied by appropriate procedural safeguards, including a hearing to establish whether releasing the alien would pose a danger to the community or a flight risk." 535 F.3d at 944. In both cases, the Ninth Circuit set forth the framework for analyzing these types of petitions.

First, the Ninth Circuit located the statutory provision that governs a petitioner's detention. "Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero, 534 F.3d at 1057. The Ninth Circuit held that 8 U.S.C. § 1226(a) governs the detention of aliens awaiting judicial review of their removal orders. Id. at 1062; Casas-Castrillon, 535 F.3d at 948. Section 1226(a) authorizes the Attorney General to detain an alien "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Therefore, when a petitioner "faces a significant likelihood of removal . . . once his judicial and administrative review process is complete," the Government retains the authority to detain a petitioner under § 1226(a). Casas-Castrillon, 535 F.3d at 948.

Next, the Ninth Circuit determined whether the petitioner is entitled to any habeas corpus relief. In Casas-Castrillon, the Ninth Circuit considered whether the Government may detain the petitioner "for such a prolonged period without providing an individualized determination as to the necessity of his detention." Id. at 949. The Ninth Circuit found that prolonged detention of such aliens without adequate procedural protections would raise serious constitutional concerns. Id. at 950. Consequently, the Ninth Circuit held that "§ 1226(a) must be construed as *requiring* the Attorney General to provide the alien" with a bond hearing. Id. at 951 (emphasis in original). An alien detained under these circumstances is "entitled to release on bond unless 'the government establishes that he is a flight risk or will be a danger to the community.'" Id. (citing Tijani v. Willis, 430 F.3d 1241, 1242 (9th Cir. 2005); Cooper v. Oklahoma, 517 U.S. 348, 363 (1996)). Absent evidence that the Government has already afforded a bond hearing to a petitioner that complies with these requirements, the petitioner should be released unless the government provides such a hearing within 60 days. Id. at 952.

**DISCUSSION**

Under the framework outlined by the Ninth Circuit, the Court will first locate the statutory provision that governs Petitioner's detention. Similarly to <u>Casas-Castrillon</u>, Petitioner was initially held under 8 U.S.C. § 1226(c). Section § 1226(c) mandates detention during removal proceedings for deportable aliens convicted of an aggravated felony. Between 1999 and 2004, Petitioner was convicted of several drug offenses in California, both felonies and misdemeanors (Dkt. 12, Ex. 3, Attach. 5-9). On December 13, 2005, the Government notified Petitioner that he was subject to removal for his conviction of an aggravated felony based on the drug offenses (<u>Id.</u>, Ex. 5). Additionally, the notice charged that Petitioner had been convicted of a controlled substance offense and that he had procured a visa or admission into the United States by fraud or willfull misrepresentation of a material fact (<u>Id.</u>, Ex. 4). In the earlier briefing, Respondent contended and Petitioner did not dispute that he was being held under § 1226(c). Since then, though, the Ninth Circuit has concluded that once the proceedings before the BIA are completed, then the Attorney General's authority to detain a petitioner under § 1226(c) ends and shifts instead to § 1226(a). <u>Casas-Castrillon</u>, 535 F.3d at 948. While § 1226(c) may initially grant the authority, at some point it no longer governs the detention. <u>Id.</u> at 946. Petitioner's proceedings before the BIA concluded on August 29, 2006 when the BIA affirmed the IJ's decision and dismissed Petitioner's appeal. Therefore, any authority under § 1226(c) ceased at that time, and the Government's current authority to detain Petitioner falls under § 1226(a).

Next, the Court must determine whether Petitioner is entitled to any habeas corpus relief. Petitioner has been in custody for over three and a half years. Petitioner alleges that he has been held in custody without bond or order of supervised release since the removal proceedings began on December 13, 2005 (Dkt. 1, 4-5). His case has been pending before the Ninth Circuit for over two and a half years, and the replacement reply brief has only recently been filed. <u>See</u> <u>Leonardo</u>, No. 06-74750. Like the petitioner in <u>Casas-Castrillon</u>, he is awaiting judicial resolution of his removal order by the Ninth Circuit. As Petitioner is being held under § 1226(a), he must receive a bond hearing as to the necessity of his

1  detention. See Casas-Castrillon, 535 F.3d at 949, 951. In the earlier briefing, Respondent attempted to distinguish Petitioner from earlier precedent by arguing that he is not a lawful permanent resident. Respondent contended that Petitioner fraudulently entered the United States by willfully misrepresenting his marital status on his application. Although the petitioners in the recent Ninth Circuit cases were lawful permanent residents, the Court does not find that this alleged difference should result in a different outcome here. Respondent can certainly argue those allegations during the individualized determination as to the necessity of Petitioner's detention. Petitioner is "entitled to release on bond unless 'the government establishes that he is a flight risk or will be a danger to the community.'" Id. at 951. When Petitioner earlier alleged that he has been held in custody without ever receiving a bond hearing, Respondent did not respond to this allegation. The Court will therefore order that Petitioner's petition be granted unless Respondent demonstrates it afforded Petitioner a bond hearing that complies with Tijani or he receives such a hearing within 60 days. See id. at 952.

Accordingly,

**IT IS HEREBY ORDERED** upon remand that Respondent either demonstrates it afforded Petitioner a bond hearing, or provides a hearing to Petitioner before an Immigration Judge with the power to grant him bail unless Respondent establishes that he is a flight risk or will be a danger to the community.

**IT IF FURTHER ORDERED** that the Court will grant Petitioner's Petition for Writ of Habeas Corpus (Dkt. 1) and order Respondent to release Petitioner, unless Respondent complies with this Court's Order and notifies the Court by **August 28, 2009**.

DATED this 29th day of June, 2009.

Stephen M. McNamee
United States District Judge